UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GLENDA KOLOTA, | ) |
| *Plaintiff*, | ) |
| v. | ) 3:07-cv-459 |
| SEVIER COUNTY, TENNESSEE, et al., | ) |
| *Defendants*. | ) |

## **MEMORANDUM AND ORDER**

This is a civil rights action pursuant to 42 U.S.C. § 1983; plaintiff is represented by counsel. Plaintiff alleges that, while incarcerated in the Sevier County Detention Facility, she was assaulted and raped by fellow inmates Kandi Arwood, Michelle Gunter, Megan Hudson, Krystal Kawalski, and Vandy Morin, all of whom are named as defendants in addition to Sevier County, Tennessee, and all of whom are proceeding *pro se*. The matter is before the court on various non-dispositive motions filed by the parties.[1]

Plaintiff has filed a motion to compel discovery from defendant Sevier County, Tennessee [Doc. 63] and a supplemental motion to compel discovery [Doc. 71]. Based upon

---

[1]There is also pending before the court a motion for summary judgment filed by defendant Sevier County, Tennessee, which will be addressed in a separate Memorandum and Order.

subsequent pleadings by the parties, it appears that the parties have resolved their discovery issues. The motions to compel discovery are **DENIED** as **MOOT**.

Defendant Kandi Arwood moves the court for an order that she be transported to the court for the trial of this cause. In the separate Memorandum addressing the motion for summary judgment filed by defendant Sevier County, Tennessee, the court granted the motion, declined to exercise supplemental jurisdiction over plaintiff's pendent state law claims, and dismissed this case with prejudice. Accordingly, defendant Arwood's motion to transport [Doc. 79] is **DENIED** as **MOOT**.

Defendant Krystal Kawalski has filed a motion for discovery pursuant to the Tennessee Rules of Criminal Procedure, in which she seeks production from the District Attorney General or his agents copies of her written and oral statements in possession of the State, statements of her co-defendants, results of physical or mental examinations of the victim, *Brady* material, and other such documents. The motion is the type of boilerplate motion filed by defense counsel in a criminal proceeding. In addition, pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, requests for discovery shall not be filed with the Clerk, except under special circumstances. Accordingly, the motion for discovery [Doc. 80] is **DENIED**.

Plaintiff has filed a motion [Doc. 84] to compel discovery, for protective order, and for sanctions, all as to defendant Kawalski. According to counsel for plaintiff, he drove to the Tennessee Prison for Women in Nashville on July 27, 2010, for the scheduled deposition of defendant Kawalski and she refused to respond to any questions posed by counsel for

plaintiff. Plaintiff seeks sanctions against defendant Kawalski for her failure to participate in discovery, moves the court to compel her to participate in further discovery, and for a protective order relieving the plaintiff of any obligation to respond to defendant Kawalski's motion for discovery.

Plaintiff has also filed a motion [Doc. 85] to compel discovery and for sanctions, all as to defendant Arwood. According to counsel for plaintiff, he drove to the Tennessee Prison for Women in Nashville on July 27, 2010, for the scheduled deposition of defendant Arwood and she was evasive and selective in her responses, and refused outright to answer a number of questions posed by counsel for plaintiff. Plaintiff seeks sanctions against defendant Arwood for her failure to participate in discovery and moves the court to compel her to participate in further discovery.

The court having denied defendant Kawalski's motion for discovery, plaintiff's motion for protective order is **DENIED** as **MOOT**. The court having dismissed this case with prejudice, the motions to compel defendants Kawalski and Arwood to participate in further discovery are **DENIED** as **MOOT**.

With respect to plaintiff's motions for sanctions against defendants Kawalski and Arwood, neither defendant has responded to the pending motions. Rule 30(d)(2) of the Federal Rules of Civil Procedure provides that a district court "may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Under the circumstances, the motions for sanctions are **GRANTED**. Counsel for plaintiff is

3

**ORDERED** to file an affidavit, within 30 days of the entry of this order, setting forth his reasonable expenses and attorney's fees incurred in the attempt to depose defendants Kawalski and Arwood.

**ENTER:**

s/ Leon Jordan<br>United States District Judge