UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GLENDA KOLOTA, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) 3:07-cv-459 |
| | ) |
| SEVIER COUNTY, TENNESSEE, et al., | ) |
| | ) |
| *Defendants*. | ) |

## **MEMORANDUM**

This is a civil rights action pursuant to 42 U.S.C. § 1983;[1] plaintiff is represented by counsel. Plaintiff alleges that, while incarcerated in the Sevier County Detention Facility, she was assaulted and raped by fellow inmates Kandi Arwood, Michelle Gunter, Megan Hudson, Krystal Kawalski, and Vandy Morin, all of whom are named as defendants in addition to Sevier County, Tennessee, and all of whom are proceeding *pro se*. The matter is before the court on the motion for summary judgment filed by Sevier County, Tennessee,

---

[1]Although plaintiff also alleged a claim under the Americans with Disabilities Act ("ADA") in her original and amended complaints, 42 U.S.C. §§ 12101, *et seq*., in her response to the motion for summary judgment she states that she no longer asserts such a claim.

and plaintiff's response thereto.[2] For the following reasons, the motion [Doc. 82] will be **GRANTED**. In addition, this court will **DECLINE** to exercise supplemental jurisdiction over any pendent state claims which the plaintiff may have. Accordingly, this action will be **DISMISSED WITH PREJUDICE.**

I.      Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3] "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

---

[2]There are also pending before the court non-dispositive motions which will be addressed in a separate Memorandum and Order.

[3]A revised version of Rule 56 took effect December 1, 2010. The pending motion for summary judgment was filed August 17, 2010, and is governed by the version of Rule 56 in effect at that time. *See Wheeler v. Newell*, No. 09-4549, 2011 WL 204457 at *2 n.3 (6th Cir. Jan. 24, 2011) (unpublished decision).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36 (citations omitted).

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II.     Factual Background

Plaintiff, who is legally blind[4], alleges in her complaint as amended[5] that she was incarcerated in the Sevier County Jail on December 5, 2006. Defendants Kandi Arwood, Michelle Gunter, Megan Hudson, Krystal Kawalski, and Vandy Morin ("inmate defendants") were also incarcerated in the jail on that date and housed in the same holding cell as plaintiff. Plaintiff alleges that she was assaulted and raped by the inmate defendants when they placed a rag in her mouth, four of the inmate defendants held down each of her limbs, and the fifth inmate defendant groped within her vaginal cavity for approximately fifteen minutes. Plaintiff alleges that during the rape she repeatedly begged for help but no one, including deputies and employees of the Sevier County Sheriff, responded or otherwise intervened on her behalf.[6]

---

[4]In plaintiff's Memorandum in Opposition to the Motion for Summary Judgment, she refers to excerpts from her deposition to support this fact. These excerpts have not been filed with the court, are not part of the record, and thus cannot be considered by the court. Nevertheless, the defendants do not dispute that plaintiff is legally blind.

[5]The court notes that in its Answer, defendant Sevier County, Tennessee, refers to plaintiff's "Complaint, First Amended Complaint and Second Amended Complaint." [Doc. 16, Answer, p. 1]. Plaintiff filed only one Amended Complaint. The confusion might have arisen because, after the inmate defendants each filed an Answer to the Complaint, the plaintiff filed an Amended Complaint [Doc. 11] which was removed from the docket sheet because she had not sought leave to file an amended complaint. Plaintiff then moved for leave to file the Amended Complaint, the motion was granted, and the Amended Complaint was filed. [Doc. 14, Amended Complaint].

[6]In its Memorandum in support of the Motion for Summary Judgment, the defendant asserts that plaintiff made no requests for help or additional security before the alleged sexual assault, that correctional officers had no knowledge of the assault until plaintiff complained afterwards, and that correctional officers did not hear the assault taking place. In support of these assertions, the defendant refers to discovery responses which are outside the record. Accordingly, the court cannot consider these factual assertions.

Plaintiff named as defendants the following: Sevier County, Tennessee; Sevier County, Tennessee, on relation of Sevier County Sheriff Ronald Seals; Sevier County, Tennessee, on relation of unknown Sevier County Sheriff Deputies; Sevier County, Tennessee, on relation of unknown Sevier County Employees; Kandi Arwood; Michelle Gunter; Megan Hudson; Krystal Kawalski; and Vandy Morin. To date, plaintiff has not named or served the unknown deputies or employees.

Sevier County, Tennessee, is sued by plaintiff based on the acts and/or omissions of its Sheriff, unknown deputies, and unknown employees. Plaintiff alleges that the failure to respond was the result of the county's failure to adequately train its deputies and employees in the protection of inmates and that the county did not take reasonable steps to ensure plaintiff's safety. Plaintiff alleges that the rape took place in a cell that was out of plain view of security, was separated from jail employees by sight and sound, and lacked video and/or surveillance equipment.

Plaintiff alleges that, pursuant to official custom, policy, and practices, she was not properly classified within the Sevier County Jail and was unreasonably classified to the same holding cell as the inmate defendants. As a disabled inmate, plaintiff claims she exhibited characteristics which made her particularly susceptible and vulnerable to attack. Plaintiff alleges that there was no sufficient medical evaluation made before placing her in a cell with violent criminal offenders, that Sevier County knew or should have known of her disability, and that Sevier County knew or should have known of her vulnerability to attack by violent inmates.

5

Plaintiff alleges that Sevier County knew or should have known of the inmate defendants' violent natures based on their criminal histories. Plaintiff also alleges that the Sevier County Jail was significantly overcrowded at the time she was attacked, which resulted in a lack of supervision of inmates, failure to provide adequate security, and failure to employ and follow a proper inmate classification system. Plaintiff alleges that the unreasonable classification created a substantial risk of harm, which Sevier County knew or should have known, and which Sevier County disregarded.

Plaintiff claims that Sevier County's failure to take reasonable steps to ensure her safety caused plaintiff to suffer from cruel and unusual punishment in violation of her constitutional rights. Plaintiff claims that Sevier County was deliberately indifferent to a substantial risk of serious harm to plaintiff, which also violated her constitutional rights. Plaintiff alleges that she has suffered serious, debilitating and ongoing injuries to her body and mind which require medical treatment.

Plaintiff also claims that Sevier County is liable to her for the acts of its deputies pursuant to Tenn. Code Ann. § 8-8-302 and for the deputies' negligence pursuant to the Tennessee Governmental Tort Liability Act ("TGTLA), Tenn. Code Ann. § 29-20-101 *et seq*. Plaintiff alleges that the inmate defendants are liable to her for the state law torts of assault, battery, rape, intentional infliction of emotional distress, and false imprisonment.

The inmate defendants each filed an answer to the complaint, in which each denied the allegations of the complaint. [Doc. 5, Answer of Kandi Arwood; Doc. 6, Answer of Michelle Gunter; Doc. 7, Answer of Megan Hudson; Doc. 8, Answer of Krystal Kawalski;

Doc. 9, Answer of Vandy Morin]. The court notes, however, that each of the inmate defendants was charged with the aggravated rape of Glenda Kolota; that Michelle Gunter and Vandy Morin subsequently pleaded guilty to attempted rape; and that Kandi Arwood, Megan Hudson, and Krystal Kawalski subsequently pleaded guilty to attempted aggravated sexual battery. [Doc. 34, Exhibit 1, Guilty Pleas].

III.  Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that she was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

> *A. Claims Against Unknown Sevier County Deputies*
> *and Unknown Sevier County Employees*

To the extent plaintiff seeks to impose liability under § 1983 upon the unknown deputies and employees for actions taken in their official capacities, such an action is against the county itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S.

464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail plaintiff must demonstrate that the violation of her constitutional rights resulted from acts representing official policy or custom adopted by Sevier County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989).

To the extent plaintiff seeks to impose liability against the unknown deputies and employees in their individual capacities, such a claim is time-barred. Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984).

The alleged violation of plaintiff's civil rights occurred on December 5, 2006. As previously noted, to date plaintiff has not named or served the unknown deputies or employees.

### B. Claims Against Sheriff Ronald Seals

To the extent plaintiff seeks to impose liability under § 1983 upon Sheriff Seals in his official capacity, such an action is against the county itself. To the extent plaintiff seeks to

8

impose liability upon Sheriff Seals in his individual capacity, plaintiff has made no specific allegations against Sheriff Seals and her lawsuit fails in that regard.

In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d at 421. "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

### C. Claims Against Sevier County, Tennessee

Plaintiff alleges that the sexual assault against her violated her right against cruel and unusual punishment. A municipality may be liable under 42 U.S.C. § 1983 for constitutional violations which result from acts representing official policy of the governmental entity. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). *See also Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694 (1978). "However, a municipality is not liable under § 1983 for an injury inflicted solely by its employees or

9

agents; the doctrine of respondeat superior is inapplicable." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Thus, "municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, that is, acts which the municipality has officially sanctioned or ordered." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (internal quotation marks omitted).

> It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents. For liability to attach, there must be execution of a government's policy or custom which results in a constitutional tort. Such a requirement ensures that a county is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the county. The "policy" requirement is not meant to distinguish isolated incidents from general rules of conduct promulgated by city officials. Instead, the "policy" requirement is meant to distinguish those injuries for which county is responsible under § 1983, from those injuries for which the county should not be held accountable.
>
> .... We bear in mind however that "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."
>
> In addition, a plaintiff must demonstrate that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."

*Gregory v. Shelby County, Tennessee*, 220 F.3d 433, 441-442 (6th Cir. 2000) (quoting *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404, 405 (1997)) (internal citations omitted).

"In analyzing the specific language in § 1983, the court in *Monell* concluded that the language plainly imposes liability on a governmental entity that, under the color of some official policy, 'causes' an employee to violate another's constitutional rights. Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993) (quoting *Monell*, 436 U.S. at 692).

Defendant Sevier County contends that there is no evidence that the county officially sanctioned or ordered any aspect of the sexual assault against plaintiff, or was otherwise the "moving force" behind the violation of plaintiff's rights. Sevier County argues that the "driving force" behind the violation of plaintiff's civil rights was the sexual assault committed by the inmate defendants.

Plaintiff counters that it was a longstanding custom of Sevier County, Tennessee, to insufficiently classify inmates due to overcrowding, and that this custom resulted in plaintiff being housed with the inmate defendants and ultimately raped. In support of this contention, plaintiff has submitted copies of the annual certification inspections of the Sevier County Jail by the Tennessee Corrections Institute ("TCI") for 2005 and 2006. [Doc. 92, Memorandum in Opposition to Motion for Summary Judgment, Exhibits E and F, respectively]. According to these documents, although the inspector recommended that the jail be certified, she did note in both 2005 and 2006 that the jail was overcrowded and that there was "[i]nsufficient

prisoner classification due to overcrowding." [Exhibit F, 400-1-.17 Classification; Exhibit F, 400-1-.17 Classification].[7]

In support of her claim that the overcrowding led to the sexual assault, plaintiff has filed a copy of a 2007 newspaper article from the Knoxville News-Sentinel concerning the lawsuit, which states that the "[l]ate Sevier County Sheriff Bruce Montgomery before his death conceded the role of overcrowding in the alleged attack." [Doc. 92, Exhibit G, p. 2]. The alleged concession by former Sheriff Montgomery, however, is rank hearsay and will not be considered by the court. *See U.S. Structures, Inc. v. J. P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997) (Hearsay evidence submitted in opposition to a motion for summary judgment "must be disregarded.") (citation omitted).

In addition, the copies of the TCI's annual certification inspections of the Sevier County Jail for 2005 and 2006 are not certified nor are they properly authenticated. "[I]t is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Smoot v. United Transportation Union*, 246 F.3d 633, 649 (6th Cir. 2001) (internal quotation marks omitted); *see also Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) ("[E]vidence submitted in opposition to a motion for summary judgment must be admissible.") (internal quotation marks omitted). "To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements

---

[7]Plaintiff also refers to excerpts from the deposition of Sheriff Ron Seals. These excerpts have not been filed with the court, are not part of the record, and thus cannot be considered by the court.

of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, § 2722 at 382-84 (3d ed. 1998).

Defendant Sevier County in its Answer admitted that at times the jail was overcrowded. [Doc. 16, Answer, ¶ 39, p. 5]. The defendant denied, however, that overcrowding was the basis for the attack on plaintiff or that plaintiff was improperly classified as a result of overcrowding. [*Id*., ¶¶ 40, 43]. Accordingly, there is nothing in the record to support plaintiff's allegation that overcrowding at the Sevier County Jail was a custom or practice on the part of the county that led to the violation of plaintiff's civil rights.

In any event, the court finds tenuous at best the argument that overcrowding at the Sevier County Jail resulted in the assault upon plaintiff. There is nothing in the record, other than plaintiff's unsupported allegations, to suggest that Sevier County knew or should have known that plaintiff was particularly susceptible to attack or that the jail failed to adequately supervise inmates or provide adequate security.

Plaintiff also alleges that Sevier County, Tennessee, is liable based upon its failure to adequately train its deputies and employees in the protection of inmates. A municipality may also be liable under § 1983 for a failure to train municipal employees. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id*. at 388. There is nothing in the record, however, to support this bald assertion.

While the assault upon the plaintiff was morally reprehensible, the attack was an isolated incident and the court finds no basis for holding defendant Sevier County liable for the conduct of the inmate defendants. Accordingly, the motion for summary judgment filed by defendant Sevier County, Tennessee, will be granted.

*E. Supplemental Jurisdiction over State Law Claims*

All that remain for consideration in this action are the pendent state law claims that plaintiff has against Kandi Arwood, Michelle Gunter, Megan Hudson, Krystal Kawalski, and Vandy Morin for the torts of assault, battery, rape, intentional infliction of emotional distress, and false imprisonment, and the pendent state law claims against Sevier County, Tennessee, under Tenn. Code Ann. §§ 8-8-302 and 29-20-101 *et seq*. Pursuant to 28 U.S.C. § 1367 (c)(2), a district court "may decline to exercise supplemental jurisdiction" over pendent state law claims if "the district court has dismissed all claims over which it has original jurisdiction." That being the case here, the court will decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

IV. Conclusion

Sevier County, Tennessee, is entitled to judgment as a matter of law and its motion for summary judgment will be **GRANTED**. The court will **DECLINE** to exercise

14

supplemental jurisdiction over plaintiff's pendent state law claims. This action will be **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE ORDER WILL ENTER.**

                                         s/ Leon Jordan
                                    United States District Judge